### DUEBER WATCH CASE MANUF'G CO. v. AMERICAN WALTHAM WATCH CO. et al.

(Supreme Court, General Term, First Department. February 17, 1893.)

PLEADING—BILL OF PARTICULARS.

> In an action against a number of defendants for damages caused by defendants making and carrying out an agreement to the effect that they would not sell their goods to any person who should thereafter buy from or sell to plaintiff, plaintiff's bill of particulars having given the names and addresses of dealers in plaintiff's goods, to whom notices were sent by defendants of the latter's intention to refuse to deal with them in case they traded with plaintiff, it is not necessary for the bill to give the value and description of the goods which it is claimed such purchasers refused to purchase in consequence of the receipt of defendants' notice.

Appeal from special term, New York county.

Action by the Dueber Watch Case Manufacturing Company against the American Waltham Watch Company and others. The following memorandum was filed January 3, 1893, by LAWRENCE, J., at special term:

> "The bill of particulars already served gives the names and addresses of the persons and firms to whom notices were sent, and who, in consequence of the receipt of such notices, withdrew their patronage, and thereupon ceased to trade with the plaintiff, but no dates or times are given. I think that the defendants are entitled to a further bill of particulars stating more definitely the times when the former purchasers withdrew their patronage, and giving some description of the goods and their value, which, it is claimed, said purchasers refused to purchase in consequence of the receipt of the notices alleged to have been sent by the defendants or their agents. See Peabody v. Cortada, (Sup.) 18 N. Y. Supp. 622; American M. F. Co. v. Eureka F. H. Co.. 18 Abb. N. C. 70; Infant Asylum v. Roosevelt, 35 Hun, 501; Printing Co. v. Adams, 55 Hun, 35, 8 N. Y. Supp. 276. Motion granted, with $10 costs to abide the event. Settle order on one day's notice."

From an order granting a motion of the American Waltham Watch Company and the Elgin National Watch Company, requiring plaintiff to furnish a further bill of particulars of its claim, plaintiff appeals. Reversed.

For decision on appeal by the Keystone Watch Case Company from so much of an order as denied in part its application for a bill of particulars, see 21 N. Y. Supp. 342.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Wilber & Oldham, (Mr. Oldham, of counsel,) for appellant.
Carter & Ledyard, (L. C. Ledyard, of counsel,) for respondents.

PER CURIAM. In the opinion of the judge granting the motion, it is correctly stated that the bill already served gives the names and addresses of the persons and firms to whom notices were sent, and who,

in consequence of such notices, withdrew their patronage, and thereupon ceased to trade with the plaintiff; but no dates or times are given. A consideration of the nature of the action and the specification of the further details asked for, and which, by the order appealed from, were required to be given, seems to us to determine that they should not be furnished. The action itself is brought against a large number of defendants to recover damages claimed to have been suffered through the making and carrying out by the defendants of an agreement to the effect that they would not sell their manufactured goods to any person who should thereafter buy of or sell to the plaintiff; the result of which agreement and of the notices sent to plaintiff's former customers was to injure the plaintiff, and to prevent it from making profits which, prior to the acts complained of, the plaintiff had realized in the prosecution of its business. Having given in the bill of particulars already furnished the names and addresses of the then and theretofore purchasers of and dealers in plaintiff's goods, to whom notices were sent of the defendants' intention to refuse to deal with them in case they traded with the plaintiff, we do not think that in addition the plaintiff should be required to do what is practically impossible, viz. to "give a description of the goods and the value which it is claimed such purchasers refused to purchase in consequence of the receipt of such notice." We think, therefore, the application for a further bill should have been denied, and that the order appealed from should be reversed, with $10 costs and disbursements.